YOUNG, J.
oconcurring). I fully concur in the majority opinion, but write separately to note, on this fiftieth anniversary of the decision in Brown v Bd of Ed, [1] how singular and troubling is the dissenting view of my two colleagues.
It is hard to reconcile the logic of the dissenters’ position when juxtaposed to the language of our Michigan Civil Rights Act and our state constitution without recalling Orwell’s chilling refrain: “all [citizens] are equal, but some [citizens] are more equal than others.”[2]
Fifty years after the United States Supreme Court declared in Brown that the government could no longer use consideration of race to disadvantage any of its citizens, our two dissenting colleagues have announced precisely the contrary position. Our dissenting colleagues have advocated that the judicial branch of government require persons of one race to bear a higher *235 burden of maintaining an employment discrimination case than persons born of another race.
This is a concept worth repeating for emphasis, for no citizen of this state should miss the import of the dissents’ view. Our dissenting colleagues maintain that, under a statute that explicitly prohibits employment discrimination “because of” race, some Michigan citizens must bear a higher burden to maintain such a lawsuit precisely because of their race.
Not only does the dissents’ position constitute an offense against the very protections our Civil Rights Act provides, our dissenting colleagues are conspicuously silent about the constitutional implications of a governmental policy that places higher burdens on one set of citizens because of their race. The Michigan Equal Protection Clause, Const 1963, art 1, § 2, unlike the federal counterpart contained in the Fourteenth Amendment, explicitly prohibits discrimination on the basis of race:
“No person shall be denied the equal protection of the laws ... because of.. . race ....”
I do not challenge the good intentions of my dissenting colleagues; I do challenge their Orwellian racial policy preferences.

 Brown v Bd of Ed, 347 US 483; 74 S Ct 686; 98 L Ed 873 (1954).

 Orwell, Animal Farm (New York: New American Library, 1996), ch 10, p 133.